501 So.2d 1086 (1987)
STATE of Louisiana, Appellee,
v.
Vince WASHINGTON and Alonzo Douglas, Appellants.
No. 18,580-KW.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
M. Thomas Arceneaux by Gordon N. Blackman, Jr., Shreveport, for appellants.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., W. Stanley Lockard, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, MARVIN and SEXTON, JJ.
SEXTON, Judge.
We granted writs of review subsequent to conviction of these two jointly billed defendants who were tried for possession of marijuana. Our specific purpose was to review the defendants' contention that the seizure of dangerous drugs from their *1087 pockets was beyond what was "minimally necessary to learn whether the men were armed" in accordance with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The record reveals that Officer A.J. LeBlanc, while patroling, observed defendants' car run a stop sign. He stopped the car and asked for identification. There were three persons in the car. The driver exited the car at that time. The officer issued two citations to the driver, who is not a defendant in this cause.
Officer Gaut also came to the scene. He observed constant movement in the form of reaching under the seats by the two defendants, who had remained in the vehicle. He moved to the car very quickly and asked the defendants to exit the vehicle. After that time, he patted the defendants down and felt a soft bag-like object inside the defendant Washington's coat pocket. He proceeded to remove the package which contained 20 grams of vegetable matter subsequently confirmed to be marijuana. After Mr. Washington was searched, Auxiliary Officer Lewis, who was also on the scene, conducted a search of Alonzo Douglas which revealed approximately three grams of the same substance in his left front pant pocket.
Officer LeBlanc stated that after the pat down he was not concerned for his life because the object that he felt was soft. However, he continued to search and found the marijuana in the inside coat pocket of defendant.
There was little or no evidence presented concerning the search of the defendant Douglas. Officer Gaut testified that Officer Lewis conducted the search of Douglas. He did not, however, see the full search. He further could not testify as to whether or not Officer Lewis conducted a "pat down" of Douglas at any time. Officer Lewis did not testify nor did Officer LeBlanc know many of the details of the arrest of these two defendants.
There being no search warrant, the burden of proof to establish the validity of the search at the motion to suppress rests with the state. LSA-C.Cr.P. Art. 703. During the hearing of the motion in the trial court, the state attempted to justify the search and resulting seizure on the basis of LSA-C.Cr.P. Art. 215.1 authorizing the temporary questioning of persons in public places and the frisk for weapons for protection of law enforcement officers.[1]
The defendants do not contest the validity of the stop here or the right of the officers to frisk these defendants for the officer's safety. Rather, the defendants contend that once the officers no longer feared for their safety that a further search of the defendants as occurred here was inappropriate.
The contention of the defendants is conceded in the state's brief in the following terms.
While the State strongly urges that the actions of the police officers were lawful until the point in time when Officer Gaut reached inside the pocket of the defendant, the State has been unable to find articulable knowledge of a particular fact to justify the police officer reaching into the pocket of the defendant.... In the case at bar, the testimony of the police officer after the pat down does not reflect a fear for his safety nor a reasonable expectation to recover a weapon. Accordingly, the State cannot perfect an *1088 argument to support the admissibility of said evidence....
We agree that once the officer no longer fears for his safety, his authority to frisk the defendant based on LSA-C.Cr.P. Art. 215.1 is at an end. However, the incriminating evidence should not be suppressed simply on that basis. More correctly stated, the motion to suppress should be sustained because of the lack of a sufficient record to substantiate the continued search of the defendant subsequent to the frisk. If an officer is conducting a valid frisk after a valid stop and feels an object he has probable cause to believe is marijuanaor any other contrabandhe is mandated to retrieve that item. However, the burden to prove that probable cause rests squarely with the state and was clearly not discharged in this case.
Accordingly, the evidence seized from the person of the two defendants during the search in question is hearby suppressed, and the trial court ruling to the contrary is reversed. Likewise, we reverse the conviction and sentence of each defendant and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
MARVIN, J., concurs.
NOTES
[1] LSA-C.Cr.P. Art. 215.1 states:

Art. 215.1. Temporary questioning of persons in public places; frisk and search for weapons
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.