671 So.2d 1257 (1996)
STATE of Louisiana, Appellee,
v.
Carl Ray WESLEY, Appellant.
No. 28012-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
*1258 Gilley & Gilley by Patricia A. Gilley, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Hugo Holland, Assistant District Attorney, for Appellee.
Before MARVIN, BROWN and CLARK, JJ.
BROWN, Judge.
Defendant, Carl Ray Wesley, pled guilty to armed robbery, pursuant to a reservation of his right to appeal the denial of his pre-trial motion to suppress all evidence seized and statements given as a result of an investigatory stop. We affirm.

Facts
At 2:25 a.m. on December 16, 1992, a black male wearing a black ski mask, brown jacket and black pants, and armed with a silver pistol, robbed the Circle K convenience store located at Millicent Way and Youree Drive in Shreveport, Louisiana. After having the clerk put the money into a plastic grocery bag, the robber fled. The store manager quickly notified the police.
Captain T.V. Humphrey heard the call and description of the suspect at 2:30 a.m. He was eastbound in an unmarked police car on East 70th Street at the intersection of University Drive. Captain Humphrey noticed a tan and brown Buick Regal approach the traffic light from the south on University Drive. Although the light was green, the Buick stopped and waited. He saw two black males and "a lot of movement" in the car.
When the light turned green again, the Buick turned west on East 70th Street in front of the unmarked police car. Captain Humphrey turned around and began following the Buick. The occupants were acting suspiciously; they appeared to be shuffling something back and forth or looking at something. Additionally, the car weaved and crossed the center line several times.
Captain Humphrey knew the area and was aware that the intersection where he first saw the car was close to the scene of the robbery. He also knew that University Drive and Millicent Way went directly through a subdivision located between the intersection at East 70th and the Circle K that had just been robbed. The suspects' direction of travel and the short amount of time between the robbery and Captain Humphrey's initial observation of the car also raised the officer's suspicions.
Captain Humphrey decided to make an investigative stop with the assistance of marked units. Officer Gary Foster made the stop. The occupants were ordered out of the car, handcuffed and searched. Concealed on defendant's person was a silver pistol. The officers saw a plastic grocery bag, ski mask and brown jacket in the car in plain view. The plastic grocery bag and the jacket matched the clerk's description of those used by the robber. Cash, including a two dollar bill with a recorded serial number, was found stuffed in the vehicle's ashtray.
After his arrest, defendant confessed. Defendant pled guilty to armed robbery with a reservation of his right to appeal the denial of his motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976).

Discussion
An arrest and full search must be premised on probable cause; however, public safety requires some flexibility for police to investigate and prevent crime. The right of law enforcement officers to stop and make *1259 reasonable inquiries aimed at confirming or dispelling suspicions of criminal conduct is recognized by LSA-C.Cr.P. Article 215.1, as well as both federal and state jurisprudence. Such an investigatory stop is far less intrusive than an arrest and is predicated upon a reasonable suspicion to believe that the individual has been, is, or is about to be engaged in criminal conduct. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Owens, 26,952 (La.App. 2 Cir. 5/10/95), 655 So.2d 603.
The totality of the circumstances must be considered in determining whether the requisite reasonable suspicion exists to justify an investigatory stop. Although something less than probable cause, reasonable suspicion is more than a hunch. The officer must be able to articulate facts, which in conjunction with their inferences and the officer's experience, give rise to a reasonable suspicion that criminal activity is afoot. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. White, 27,188 (La.App. 2d Cir. 08/23/95), 660 So.2d 515; State v. Owens, supra.
To assess the validity of an investigatory stop, the critical inquiry focuses on the officer's knowledge at the time of the stop. State v. Williams, 421 So.2d 874 (La.1982); State v. Owens, supra.
In this case, Captain Humphrey heard the report of the robbery with a description of the perpetrator. Minutes later, Captain Humphrey observed a car occupied by two black males sit through a green light. In addition, the odd movement within the car, the fact that the car came from the direction of the robbery, and the proximity in time and distance to the robbery, clearly created a reasonable suspicion in the mind of an experienced officer like Captain Humphrey. Exigency created by the car's mobility required immediate action.
The initial detention of defendant to answer some questions was investigatory and was based on articulable facts. State v. Flowers, supra. Because a gun was used in the robbery and the time of night, the officers were justified, for their own protection, in ordering the two occupants from the car, in handcuffing them for security and in a patdown for weapons. Once the pistol was found on defendant's person and the ski mask, jacket and plastic bag observed in plain view, the police had probable cause for an arrest. Because the initial stop was proper, the evidence seized and the subsequent confession were legitimately obtained.

Conclusion
Defendant's conviction and sentence are AFFIRMED.