728 So.2d 493 (1999)
STATE of Louisiana, Appellee,
v.
Willie WILLIS, Appellant.
No. 31,561-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
*495 Jesse H. Goines, Assistant Indigent Defender, for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche District Attorney, Kia Habisreitinger, Assistant District Attorney, for Appellee.
Before NORRIS, C.J., and CARAWAY and PEATROSS, JJ.
*496 CARAWAY, J.
A jury convicted Willie Willis of possession of cocaine, a violation of La. R.S. 40:967(C). The trial court then imposed a sentence of four years imprisonment at hard labor. On appeal, Willis urges that the evidence of the crack cocaine found in his possession during the investigatory stop and frisk must be suppressed as an unlawful search and seizure. Willis further argues that the trial court failed to adequately articulate its reasons for sentencing and that his sentence is excessive. For the following reasons, we affirm the conviction and sentence of the defendant.

Facts
At about 5:00 p.m. on March 21, 1997, Shreveport Police Department Officers Brian Winn, Brian Wheeler and Greg Washam were patrolling an area known as "The Bottoms." These officers, part of the Street Level Interdiction Unit, were checking what Officer Winn described as "known and documented drug corners" in an area with an abundance of abandoned homes. The officers were using a "semi-marked" patrol unit.
As the officers drove down Buena Vista Street, they spotted four men in front of one of the vacant houses. When the officers stopped their car, one of the men, Willis, walked quickly away from the scene, turning back between two of the houses. Officer Winn got out of the car and followed Willis while the other officers drove around to the other side of the houses to see where Willis had gone.
When Officer Winn got between the two houses, he saw Willis turn and come back toward him. According to Officer Winn, because of the location being a high crime area known for narcotics trafficking and use, he decided to conduct a patdown search of the defendant for the officers' safety. While performing the search, Officer Winn felt two cylindrical objects three to four inches long which he knew from past experience to be crack pipes. The objects were in the pocket of Willis' jacket. Officer Winn removed the objects and verified that they were drug paraphernalia. Upon continuing the patdown, Officer Winn located a small pea-sized object in Willis' right front watch pocket which was consistent with the size of a piece of crack cocaine.
The officers arrested Willis, and Officer Wheeler read him his Miranda rights. The officers determined that Willis was homeless, and learned that he had an outstanding arrest warrant. Willis told the officers that he had bought the rock of cocaine from an unknown street dealer for $10.
After hearing all of the evidence, the jury convicted Willis, as charged, with possession of cocaine, a Schedule II controlled, dangerous substance.

Illegal Search and Seizure?
Willis disputes his conviction based upon the legality of the search of his person and the seizure of the cocaine.[1] Willis filed a motion to suppress the physical evidence seized by the state in the patdown, namely the drug paraphernalia and cocaine, claiming that his constitutional rights had been violated by the search. The trial court denied the motion claiming that defendant's evasive action aroused the officers' suspicion, the patdown was performed for the officers' safety, the crack pipes found were immediately recognized by the police officers as drug paraphernalia which gave them probable cause for the arrest and the subsequent search of Willis' pocket which revealed the cocaine.

(1)
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La.C.Cr.P. art. 215.1. If an officer stops a person pursuant to Article 215.1, the officer may conduct a limited patdown frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.C.Cr.P. art. 215.1(B).
Reasonable cause or reasonable suspicion is something less than probable cause to arrest and must be determined under the facts of each case, considering whether *497 the officer has sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from government interference. State v. Jackson, 26,138 (La.App.2d Cir. 1994), 641 So.2d 1081. In assessing the reasonableness of an investigatory stop, the court must balance the need to search and seize against the invasion of privacy the search and seizure entails. State v. Tucker, 604 So.2d 600 (La. App. 2d Cir. 1992), affirmed in part, reversed in part on other grounds, 626 So.2d 720 (La. 1993); State v. Washington, 621 So.2d 114 (La.App. 2d Cir. 1993), writ denied, 626 So.2d 1177 (La. 1993).
In reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining whether his inferences from the facts at hand were reasonable. State v. Jackson, supra. The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir. 1991), writ denied, 578 So.2d 131 (La. 1991). Flight, nervousness, or a startled look at the sight of a police officer may be one of the factors leading to a finding of reasonable cause to stop under La.C.Cr.P. art. 215.1. State v. Belton, 441 So.2d 1195 (La. 1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Presence in a high crime area, coupled with nervousness or flight or other suspicious actions upon approach of officers is sufficient to justify an investigatory stop. State v. Taylor, 363 So.2d 699 (La. 1978); State v. Jackson, supra.
In this case, Willis was loitering in a high crime area known for narcotics trafficking. When he saw the patrol car stop, Willis, who had been in front of a vacant house, darted between two houses in an apparent attempt to evade the officers. We therefore find that reasonable suspicion regarding a possible offense existed and the officers made a lawful investigatory stop of defendant.

(2)
While it is true that an officer is never justified in conducting a patdown for weapons unless the original detention itself was justified, a lawful detention for questioning does not necessarily give the officer the authority to conduct a patdown for weapons. State v. Hunter, 375 So.2d 99 (La. 1979). Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a "reasonably prudent man ... would be warranted in the belief that his safety or that of others was in danger." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The officer's belief is not reasonable unless the policeman is "able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). See also State v. Bolden, 380 So.2d 40 (La. 1980), cert. denied, 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980).
At the trial, Officer Winn, a seven-year veteran of the department, testified as follows:
I ... conducted a patdown for officer safety, due to the drug activity area and also being in a high crime area. I conducted a patdown for officer's safety.
While the officer did not articulate or point to specific facts indicating that he thought Willis might be carrying a weapon, the jurisprudence correctly recognizes that in confronting persons suspected of drug dealing in many situations, the presence of a weapon and the potential for violence can be reasonably inferred. State v. Wartberg, 586 So.2d 627 (La.App. 4th Cir. 1991); State v. Curtis, 96-1408 (La.App. 4th Cir. 10/2/96), 681 So.2d 1287.
In the record before us, Officer Winn testified that he noticed Willis walking quickly away from the patrol car in an evasive manner. Officer Winn exited the automobile following Willis on foot while the other two officers drove to the back of the house in an attempt to intercept the defendant. When Officer Winn reached the alley between the two houses, he saw Willis turn around and walk back toward him. At that point, Officer Winn, while acting alone in the alleyway, confronted Willis. Willis had previously exhibited an attempt to elude the officers but *498 was at the point of being boxed in the alleyway by the officers. In Officer Winn's initial one-on-one confrontation with Willis under these circumstances, we find that there was sufficient danger to justify the patdown search of Willis.

(3)
We next turn to the question of whether the seizure of the crack pipes was lawful. In Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), the U.S. Supreme Court established a "plain-feel" exception to the requirement that a warrant be obtained for a seizure during a patdown search of contraband other than weapons. The court held:
In Michigan v. Long, 463 U.S. 1032, 1050, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201, the seizure of contraband other than weapons during a lawful Terry search was justified by reference to the Court's cases under the "plain-view" doctrine. That doctrine which permits police to seize an object without a warrant if they are lawfully in a position to view it, if its incriminating character is immediately apparent, and if they have a lawful right of access to ithas an obvious application by analogy to cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search. Thus, if an officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons. Cf., e.g., Illinois v. Andreas, 463 U.S. 765, 771, 103 S.Ct. 3319, 3324, 77 L.Ed.2d 1003. If the object is contraband, its warrantless seizure would be justified by the realization that resort to a neutral magistrate under such circumstances would be impracticable and would do little to promote the Fourth Amendment's objectives. Cf., e.g., Arizona v. Hicks, 480 U.S. 321, 326-327, 107 S.Ct. 1149, 1153-1154, 94 L.Ed.2d 347.
We first note that the facts of this case are very similar to the facts present in Dickerson in that the suspect in Dickerson, who was not observed participating in any illegal activity, was in an area known to the police for drug activity and took seemingly evasive actions when he first saw the policemen while exiting an apartment building. In reaching the question of whether seizure of the contraband was constitutional, the Supreme Court implicitly recognized that the stop and initial frisk, which were very similar to this case, met the requirements of Terry. Nevertheless, the court found that the patdown search exceeded its lawful bounds since the small amount of drug was not immediately identifiable by the officer's sense of touch. The court noted that when the officer felt a lump in defendant's jacket, the officer never thought it was a weapon and did not immediately recognize it as cocaine. It was only after squeezing, sliding and otherwise manipulating the pocket's contents that the officer determined the lump was cocaine. Dickerson, supra at 378, 113 S.Ct. 2130.
In this case, Officer Winn testified that upon patting down the outer clothing of Willis, he located two objects that were approximately three to four inches long in a cylindrical shape. Due to his experience in making prior drug arrests, Officer Winn stated that he recognized the items as drug paraphernalia known as crack pipes. We therefore find that the seizure of the drug paraphernalia was constitutional under the "plain-feel" doctrine set forth in Dickerson. See State v. Lavign, 95-0204 (La.App. 4th Cir. 5/22/96), 675 So.2d 771, writ denied 96-1738 (La.1/10/97), 685 So.2d 140.
Following the discovery of the crack pipes, the officers had probable cause to arrest Willis for the possession of drug paraphernalia, a violation of La. R.S. 40:1033(C). Incident to that lawful arrest, the officer could conduct a complete search of Willis' person. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Wilson, 467 So.2d 503 (La. 1985), cert. denied, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985). During that search, Officer Winn discovered a small object in Willis' right front watch pocket which was consistent in shape and feel to crack cocaine. Upon field testing and later testing at the crime lab, the item was identified as cocaine.
*499 We therefore find that pursuant to a valid investigatory stop and patdown search, the police lawfully seized all of the evidence used against Willis. Because we hold that the crack pipes and the cocaine were admissible and the trial court properly denied defendant's motion to suppress, we also find that the state presented sufficient evidence to prove beyond a reasonable doubt that Willis committed this offense.

Excessive Sentence
Willis argues that the trial court failed to adequately state for the record the considerations taken into account as well as the factual basis for the sentence imposed and that his sentence of four years is excessive. Willis, however, failed to file a motion for reconsideration of his sentence.
The defendant is required under La. C.Cr.P. art. 881.1 to file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. If the defendant does not allege any specific ground or present any argument or evidence not previously considered by the court at original sentencing, but simply alleges that the sentence is excessive, then the defendant does not lose the right to appeal the sentence. The defendant is relegated to having the appellate court consider the bare claim of excessiveness. State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40. La. C.Cr.P. art. 881.1 precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency. State v. Mims, 619 So.2d 1059 (La. 1993).
Considering the bare constitutional claim, we do not find Willis' sentence to be excessive. The inquiry in this consideration is whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant.
A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La. 1983); State v. Wilkerson, supra.
In selecting a proper sentence, the trial court is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Walker, 573 So.2d 631 (La.App. 2d Cir. 1991). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Strange, 28,466 (La. App.2d Cir.6/26/96), 677 So.2d 587.
Willis faced imprisonment for this offense of up to five years and a fine of up to five thousand dollars. The trial court's reasons for imposing sentence are as follows:
I have reviewed your criminal history which includes various crimes such as simple burglary and things of that nature. I believe you even have a prior possession. Court is going to sentence you to four years at hard labor to run concurrently with any other sentence you're required to serve.
Testimony at the hearing on the motion to suppress indicates that Willis is approximately 50 years old. Willis is neither a youthful offender nor a first offender. Although this sentence is near the maximum for simple possession of cocaine, we cannot say that it is just a needless imposition of punishment or that it shocks our sense of justice for this defendant who had a prior conviction for the same offense. We therefore find that Willis' sentence is not constitutionally excessive.

Error Patent
Our error patent review disclosed that the trial court informed defendant that he had "up to three years" to seek post-conviction relief. This statement was erroneous and incomplete as the three year prescriptive period does not begin to run until the *500 judgment is final under La.C.Cr.P. art. 914 or 922; thus, prescription has not yet begun to run. State v. Mock, 602 So.2d 776 (La. App. 2d Cir. 1992); State v. Harvey, 26,613 (La.App.2d Cir.1/25/95), 649 So.2d 783.
We direct the district court to send appropriate written notice to Willis within 10 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir. 1992). No other error patent was noted.

Conclusion
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NORRIS, C.J., dissents.
NORRIS, Chief Judge, dissenting.
I respectfully dissent. The defendant was engaged in no apparent criminal activity when he was observed standing near three other men. When three police officers stopped their semi-marked car near them, the defendant quickly walked from the scene. This conduct is not enough to warrant an investigatory stop under La.C.Cr.P. art. 215.1.
Further, the arresting officer's conclusion that his own safety, or the safety of others, was in peril, is not reasonable since he could not point to particular facts from which he could rationally believe that the defendant was armed or dangerous. The attempted articulation, that the pat-down was "for officer safety" owing to "drug activity * * * in a high crime area," is not particularized to this defendant. By this standard, virtually anyone found standing around in a "high crime area" is subject to detention and a pat-down search, if the instant factual scenario is allowed to stand.
NOTES
[1] Although Willis assigned as error a claim regarding the sufficiency of the evidence, he argues only that the evidence of cocaine found in his possession should be suppressed because of the unlawful search.