743 So.2d 239 (1999)
STATE of Louisiana, Appellee,
v.
Marshall K. WATSON, Appellant.
No. 32,203-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
*241 J. Wilson Rambo, Louisiana Appellate Project, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Charles L. Brumfield, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The defendant, Marshall K. Watson, appeals his conviction and sentence for aggravated incest. The defendant contends that the conviction was based upon insufficient evidence and that his sentence to 15 years at hard labor is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
The victim of this offense is the defendant's stepdaughter. She was six years old when the defendant married the victim's mother. The defendant and the victim's mother have two sons. The defendant was in the Army for a number of *242 years and the family lived in Georgia, Texas, Germany, Washington, and Louisiana. According to the record, the defendant sexually molested the victim from the time she was a young girl. The victim claimed that she reported the abuse to the authorities in Germany, but later recanted when the defendant threatened her.
The conduct at issue in this case began in 1992. In June of that year, the defendant retired from the Army and the family moved to Morehouse Parish. The victim was sixteen years old at that time. According to the victim, while the family lived in Morehouse Parish, the defendant sexually molested her by placing his finger in her vagina, touching her breasts, and performing oral sex upon her. Eventually the defendant began engaging in sexual intercourse with the victim.
According to the victim, when she resisted the defendant, he would choke her, throw things at her, twist her arms behind her back, and would pry her legs apart and twist her leg. The victim claimed that when she resisted the defendant, the atmosphere in the house would become tense and the defendant would "take it out" on her mother and half-brothers. The victim also claimed that the defendant threatened that if she ever told of the abuse, her mother would also go to jail, her half-brothers would be taken away and the family would end up in shelters. The victim stated that the defendant told her on various occasions that he would leave her alone when she began dating. However when she began dating, the abuse continued. The defendant then told the victim that even if she married and moved away, he would come to see her and would have sex with her. At other times the defendant told her that he would marry her when she turned eighteen and she would have his children. At one point, someone, possibly a family member, reported the abuse. A social worker contacted the victim. At that time, she lied to the social worker, denying the abuse.
The victim lived in the house with her mother, half-brothers and the defendant until she married on July 17, 1995. After she was married, she continued to visit her family. On one occasion, the victim's mother was not at home and the victim refused to enter the house with the defendant. She claimed that he pulled her chair out from under her as she sat on the porch and she fell to the concrete.
In December 1996, the victim met with Rose Worley, an investigator with the Morehouse Parish Sheriff's Office, and reported the defendant's offense. Investigator Worley also interviewed other family members, including the victim's half-brother, Michael Watson. Michael told the investigator that he had observed his father engaging in sexual conduct with the victim.
On January 14, 1997, a grand jury indictment was filed, charging the defendant with aggravated incest of his stepdaughter between June 1, 1992 and April 1, 1994. The defendant was tried by a six-person jury on July 21, 1998 and was found guilty as charged. The defendant filed a motion for post verdict judgment of acquittal which was heard on September 15, 1998. The defendant claimed there was insufficient evidence upon which to base his conviction. The trial court denied the motion, finding that, based upon the testimony of all the witnesses, the jury verdict of guilty was based upon credible and believable evidence. The defendant then waived the 72-hour rule of La.C.Cr.P. art. 873 and was sentenced on September 15, 1998. The trial court noted that the defendant's stepdaughter was convincing in her testimony and the six-person jury believed her. The court also noted that, in addition to the presentence investigation report, it received a lengthy letter from the defendant as well as one from the victim. The court sentenced the defendant to serve 15 years at hard labor. The defendant filed a motion to reconsider the sentence which was denied by the trial court. The defendant now appeals his conviction and sentence.

*243 SUFFICIENCY OF THE EVIDENCE
The defendant contends that there was insufficient evidence upon which to base his conviction for aggravated incest. He also claims that the trial court erred in denying his motion for post verdict judgment of acquittal, which was based on the assertion of insufficiency of the evidence. These arguments are without merit.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. See also La.C.Cr.P. art. 821.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10; State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987); State v. Bosley, supra.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847, writ denied 99-0210 (La.5/14/99), 745 So.2d 12. This is equally applicable to the testimony of sexual assault victims. State v. Rives, 407 So.2d 1195 (La.1981); State v. Thomas, 30,490 (La.App.2d Cir.4/8/98), 711 So.2d 808; State v. Free, 26,267 (La.App.2d Cir.9/21/94), 643 So.2d 767, writ denied, 94-2846 (La.3/10/95), 650 So.2d 1175; State v. Standifer, 513 So.2d 481 (La.App. 2d Cir.1987). Indeed, such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Turner, 591 So.2d 391 (La.App. 2d Cir.1991), writ denied, 597 So.2d 1027 (La.1992).
La. R.S. 14:78.1 defines aggravated incest. That statute provides in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
(2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

*244 C. Consent is a defense under this Section to aggravated incest with or upon a stepson or stepdaughter unless the victim is less than eighteen years of age.
The record shows that there was sufficient evidence presented to establish all the essential elements of aggravated incest. This evidence established that the defendant engaged in a variety of prohibited sexual conduct with his step-daughter, including intercourse, while the stepdaughter was under the age of eighteen. According to the victim, when the family moved to Louisiana, they initially lived with the defendant's mother. While in her home, the defendant engaged in oral sex with the victim, inserted his finger in her vagina and fondled her breasts. After the family moved into their own residence, the defendant began having sexual intercourse with the victim. Her compliance was secured either through physical force or intimidation.
The defendant argues that the only evidence in this case was the victim's testimony and no scientific evidence was introduced at trial. He contends that, in order for the testimony of a single witness to satisfy the burden of proof, it must be free of inconsistencies. He asserts, that if the testimony contains material contradictions, the evidence is insufficient and the conviction is improper. The defendant claims that the victim could not remember how she first came into contact with Investigator Worley and said that she first spoke with the investigator in January 1996. Investigator Worley stated that she interviewed the victim in December 1996 and that the victim came to her office to report the defendant's offense. According to Investigator Worley, the victim also reported the abuse in Washington, D.C. However, the victim testified that she previously reported the defendant's incestuous behavior in Germany, not in Washington. The defendant also points to some confusion in the testimony as to whether the victim lived at home until the time of her marriage. The record shows that the victim stayed briefly with an aunt and uncle at one point, but then lived at home until she married.
The defendant also claimed that the victim was biased and made criminal allegations against him in retaliation for a lawsuit that the defendant filed against the victim's husband. That claim arose from an auto accident. The suit was settled in favor of the defendant one week prior to the victim's reporting the present offense to Morehouse Parish authorities. He claims that the allegations of criminal activity in this case were made two and one-half years after the alleged abuse ended.
The victim testified to the incestuous behavior and the jury found her to be credible. The victim's inability to remember dates or how she first came into contact with Investigator Worley does not contradict nor diminish the victim's testimony. While the investigator's report contained a statement that the victim had made a prior incest report in Washington, D.C., the victim consistently testified that she had moved to Louisiana from the state of Washington, but the prior report had been made in Germany. Further, the jury apparently believed that the settled lawsuit did not play any part in the victim's complaint. Additionally, the defense put on the victim's mother who testified that she was not beaten by the defendant after the victim took refuge with relatives and refused to come home. The prosecution refuted this testimony with testimony from the victim's aunt, who was told by the mother that the defendant beat her.
Viewing all of the evidence in the light most favorable to the prosecution, the jury could have reasonably concluded that the defendant committed all the necessary elements of the offense of aggravated incest. The jury did not err in finding the defendant guilty as charged and the trial court did not commit error in denying the defendant's motion for post verdict judgment of acquittal.

*245 EXCESSIVE SENTENCE
The defendant argues that the sentence of 15 years at hard labor is excessive. He claims that, in pronouncing sentence, the trial court erred in giving inappropriate weight to unverified allegations by the victim of other acts attributed to the defendant which predated the offense of conviction. The defendant further contends that the trial court failed to adequately consider and give appropriate weight to the sentencing guidelines enumerated in La. C.Cr.P. art. 894.1 and failed to adequately state for the record the factors taken into account and the basis therefor in imposing sentence. These arguments are without merit.
The defendant complains that the trial court improperly considered unverified allegations by the victim submitted in a letter in conjunction with the presentence investigation. We find that this objection is both untimely and unfounded. The victim's letter was presented to the court during the presentence investigation. There is no showing that the defendant or his counsel were unaware of the contents of the letter prior to the sentencing. A claim contesting the accuracy of the presentence investigation must be raised before sentencing, not on appeal. The lack of a contemporaneous objection and ruling thereon leaves nothing in the official record to substantiate the claim. State v. Davis, 568 So.2d 190 (La.App. 2d Cir.1990), writ denied, 572 So.2d 62 (La. 1991); State v. Milstead, 95 1983 (La.App. 1st Cir. 9/27/96), 681 So.2d 1274.
Further, the defendant failed to include in his motion to reconsider sentence the objection to the information used in the sentencing. In his motion to reconsider sentence filed on September 15, 1998, the defendant contends that his sentence is "unconstitutionally harsh and excessive and serves no purpose other than the needless infliction of pain and suffering...." The trial court denied the motion to reconsider sentence. No other claims regarding the sentence were included. However, on appeal, in addition to objecting to the excessiveness of the sentence, the defendant also argues that the trial court gave inappropriate weight to the victim's letter to the sentencing court, which outlines additional offenses which the defendant claims are unverified. The objection to the victim's letter was not included in the motion to reconsider.
The defendant is required by La. C.Cr.P. art. 881.1 to file a motion to reconsider and to set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. If the defendant does not allege any specific ground or present any argument or evidence not previously considered by the court at the sentencing, but simply alleges that the sentence is excessive, the defendant does not lose the right to appeal the sentence. The defendant is relegated to having the appellate court consider the claim of excessiveness. State v. Willis, 31,561 (La.App.2d Cir.1/20/99), 728 So.2d 493. La.C.Cr.P. art. 881.1 precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings where the trial court was in a position to correct the deficiency. State v. Mims, 619 So.2d 1059 (La.1993); State v. Willis, supra; State v. Washington, 30,108 (La.App.2d Cir.12/10/97), 705 So.2d 254, writ denied, 98-0148 (La.5/8/98), 718 So.2d 430. Because the defendant did not raise an objection to the victim's letter in his motion to reconsider sentence, the claim was not properly presented to the trial court, and is not properly before this court on appeal.
However, even if we were to contemplate the merits of the defendant's objection regarding consideration of the victim's letter, we would find that the trial court did not err in considering the other acts mentioned in the letter in imposing sentence. For purposes of sentencing, the trial court may draw from sources beyond mere convictions. The court may consider *246 prior arrests, and suspicions of criminal activity without actual proof the defendant committed the other offenses. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1113 (La. 1992). We also note that the matters contained in the victim's letter consistently outline the pattern of incestuous behavior by the defendant, but did not allege other crimes.
We now turn to a determination of whether the sentence imposed is excessive. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court is not required to list every aggravating and mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra. The articulation of the factual basis for the sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). The sentencing record should reflect that the trial judge considered not only the seriousness of the crime and the past criminal history of the defendant, but also the defendant's personal history (including age, mental status, dependents, family ties, employment record, and health) and the potential for rehabilitation. State v. Quebedeaux, 424 So.2d 1009 (La.1982).
The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more that a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La. App.2d Cir.9/25/96), 680 So.2d 1296.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345; State v. Henton, 28,576 (La. App.2d Cir.9/25/96), 682 So.2d 777, writ denied, 96-2590 (La.3/27/97), 692 So.2d 391.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 (La. App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96) 672 So.2d 696; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La. 1983).
The sentencing court adequately complied with La.C.Cr.P. art. 894.1. As aggravating factors, the court considered that (1) the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim; (2) the defendant knew or should have known that his stepdaughter was particularly vulnerable; and (3) the defendant used his position as a father to facilitate the commission of the offense.
The trial court found that the defendant subjected the victim to sexual abuse over a period of several years. The trial court observed that the victim's letter indicated that when she was seven years old, the defendant began fondling her sexually and that this later progressed into lewd touching, sexual intercourse and oral sex. The victim stated that she never consented to these acts and resisted the defendant's advances. The victim feared for her mother's safety based upon the defendant's physical abuse of her; she also feared her *247 family would be destroyed if she came forward with her claims. The trial court discussed the victim's shame and humiliation when she became pregnant by the defendant and had an abortion. According to the trial court, the victim stated that the defendant told her that if she ever revealed the abuse to anyone, she would not be believed because it takes place in most families and it is not wrong.
The trial court noted that the offense was not a single isolated incident and that the defendant played mind games with the victim. The trial court further found that the defendant told the victim he would leave her alone if she became sexually active with boys and at other times told her that he would father all of her children. The trial court also took into account the possessive remarks made by the defendant to the victim.
The trial court recognized that the victim will ache and agonize over this abuse for the remainder of her life and her nightmares will last for a long time. The trial court also acknowledged that the victim will never be able to forget the physical pain, suffering and mental anguish caused by the defendant. According to the trial court, the defendant treated the victim like a piece of property and not a human being.
The trial court concluded that the defendant was not always the hard-working family man and career soldier, but in reality a "perverse human being who lusted after and sexually abused [his] stepdaughter with a carnally insatiable appetite ..."
As mitigating factors, the court found that: (1) the defendant had no prior criminal history; (2) this was the defendant's first felony offense; (3) the defendant had a record of military service; (4) the defendant had a good employment history; and (5) the defendant and his dependents would be subjected to economic hardship by the defendant's imprisonment.
The sentencing court recognized that the defendant would be eligible for a suspended sentence because he is a first felony offender. However, the nature of the crime precluded any thought of such a sentence. The court felt that to impose a suspended sentence with probation would condone or place a stamp of approval on his conduct "which the Court declines to do." The court declared that the defendant was in need of correctional treatment best provided by commitment to an institution and that any lesser sentence would deprecate the seriousness of the offense.
As for the second prong of the test, the sentence imposed was not grossly disproportionate to the seriousness of the offense or a purposeless and needless infliction of pain and suffering. Considering the defendant's actions against his stepdaughter over a number of years, the imposition of a sentence of 15 years at hard labor, which is three-fourths of the maximum sentence available for this offense, does not shock our sense of justice. The trial court did not abuse its discretion. The sentence is not constitutionally excessive, and it is adequately supported by the record. See State v. Flores, 27,736 (La.App.2d Cir.2/28/96), 669 So.2d 646.

CONCLUSION
For the foregoing reasons, the conviction of the defendant, Marshall K. Watson, for aggravated incest, and his sentence to serve 15 years at hard labor, are affirmed.
AFFIRMED.