748 So.2d 31 (1999)
STATE of Louisiana, Appellee,
v.
Alexander G. JOHNSON, Appellant.
No. 32,384-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*32 Louisiana Appellate Project by Amy C. Ellender, for appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Catherine Estopinal, Assistant District Attorney, for appellee.
BEFORE: NORRIS, C.J., and WILLIAMS and CARAWAY, JJ.
*33 WILLIAMS, J.
The defendant, Alexander G. Johnson, was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967(C). After a jury trial, the defendant was found guilty as charged. The state filed a multiple offender bill of information seeking enhanced sentencing of the defendant as a fourth felony offender pursuant to LSA-R.S. 15:529.1. Following a hearing, the defendant was adjudicated a fourth felony offender. The trial court imposed the mandatory minimum sentence of twenty years at hard labor. The defendant appeals his conviction and his adjudication and sentence as a multiple offender. For the following reasons, we set aside the conviction and adjudication, vacate the sentence and remand.

FACTS
On May 14, 1997, at approximately 6:30 p.m., Shreveport Police Officers Will Bates and Bret Mason were dispatched in response to a 911 telephone call from an individual who indicated that he had been involved in a fight. The police officers first visited a store on Alston Street, where the call originated. Several minutes later, Officer Bates observed the defendant walking along Clay Street, a short distance away.
According to Bates, the defendant appeared to have been involved in a fight because his face was cut and there was dirt in his hair and on his clothes. The officers approached the defendant, who identified himself as Anthony Johnson, and asked if he had called 911 to report an altercation. The defendant first denied having made the call and stated that he did not need the police. Because defendant apparently had participated in a fight and seemed nervous, the officers decided to conduct a pat-down search of defendant for weapons in the interest of safety.
During the search, Officer Bates touched the area of defendant's right front pants pocket. The defendant suddenly reached down toward his pocket while turning away from Bates. In response, Mason restrained the defendant with a "rear wrist lock." Suspecting that defendant may have been trying to conceal a weapon, Officer Bates patted the outside of the pocket and felt something, but could not identify the object. He then reached into defendant's right pocket and removed two folded one-dollar bills. At the conclusion of the search, Bates unfolded the bills and observed a small rock of suspected crack cocaine. The defendant was placed under arrest and charged with possession of cocaine.
Prior to trial, the defendant filed a motion to suppress the evidence seized in the search. After a hearing, in which Officer Bates testified about the seizure, the district court denied defendant's motion to suppress. Following a jury trial, the defendant was found guilty as charged.
Subsequently, the state filed a multiple offender bill charging defendant as a fourth felony offender. After hearing evidence of his prior convictions, the district court adjudicated defendant a fourth felony offender and imposed the mandatory minimum sentence of twenty years at hard labor. The defendant's motions for post verdict judgment of acquittal and for reconsideration of sentence were denied. The defendant appeals his conviction, adjudication and sentence.

DISCUSSION
The defendant contends the trial court erred in denying his motion to suppress the evidence seized in the search. Defendant argues that the pat-down search was improper because the police officers failed to identify circumstances from which they could reasonably infer that he was armed.
The authority of law enforcement officers to temporarily detain and interrogate persons reasonably suspected of criminal activity has been established by federal jurisprudence. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and its progeny. In Louisiana, *34 such stops are authorized by LSA-C.Cr.P. art 215.1, which provides that a police officer's decision to make an investigatory stop must be based on reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Fauria, 393 So.2d 688 (La.1981); State v. Washington, 621 So.2d 114 (La. App. 2d Cir.1993); State v. Patterson, 588 So.2d 392 (La.App. 4th Cir.1991).
Reasonable cause for an investigatory stop is something less than probable cause, but the officer must be able to articulate knowledge of particular facts, which in conjunction with reasonable inferences drawn therefrom provide reasonable grounds to suspect the detainee of criminal activity. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); Washington, supra. Nervousness may be one of the factors leading to a finding of reasonable cause to stop under Article 215.1. State v. Willis, 31,561 (La.App.2d Cir.1/20/99), 728 So.2d 493.
Public safety requires some flexibility for police officers to investigate and prevent crime. State v. Wesley, 28,012 (La.App.2d Cir.4/3/96), 671 So.2d 1257. To assess the validity of an investigatory stop, the critical inquiry focuses on the officer's knowledge at the time of the stop. State v. Williams, 421 So.2d 874 (La.1982); Wesley, supra. When a warrant has not been obtained, the state bears the burden of proving the validity of the search at a hearing on the motion to suppress. LSA-C.Cr.P. art. 703; State v. Washington, 501 So.2d 1086 (La.App. 2d Cir.1987).
In the present case, the officers responded to a 911 telephone call concerning a fight that had occurred. Upon their arrival at the 1900 block of Clay Street, the officers' information included a report that a fight had occurred and that another confrontation might occur. An altercation can involve several violations of the law, including disturbing the peace (LSA-R.S.14:103), simple battery (LSA-R.S.14:35) or simple assault (LSA-R.S.14:38). The evidence shows that defendant was observed near the location of a reported fight, his appearance indicated he had been involved in an altercation, and he appeared to be nervous in the presence of police. Thus, at the time they encountered defendant, the officers were aware of facts which provided reasonable cause to make an investigatory stop to inquire about the defendant's activities.
A police officer who stops a person pursuant to Article 215.1 may conduct a limited pat-down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. LSA-C.Cr.P. art. 215.1(B). A lawful detention for questioning does not necessarily give the investigating officer the authority to conduct a pat-down for weapons. State v. Hunter, 375 So.2d 99 (La.1979).
Such a frisk is permissible only under circumstances where a reasonably prudent person would be warranted in the belief that his safety or that of others was in danger. Terry, supra. To establish reasonable belief, the officer must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); State v. Willis, supra. It is not necessary for an investigating officer to establish that a detained individual was more probably than not armed and dangerous in order to justify a pat-down for weapons. It is sufficient if the officer establishes a substantial possibility of danger. State v. Lavigne, 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140.
In the present case, the officers' testimony demonstrated that when they encountered the defendant, he appeared to have been recently involved in a physical confrontation. At the time, the officers could not know whether the defendant had been the aggressor, particularly when he initially denied having made the emergency *35 call. In addition, the defendant did not comply with the request that he walk to the patrol car, requiring the officers to approach him.
At the hearing on the motion to suppress, Officer Bates testified that he was not sure whether defendant possessed a weapon, but that he was concerned for officer safety due to the fact that defendant had participated in behavior involving violence, he appeared agitated and indicated he did not want to speak with the police. In light of the foregoing testimony, the trial judge was not clearly wrong in finding that the officer pointed to sufficient facts from which he reasonably inferred that the defendant was potentially armed and dangerous.

Seizure of Evidence
The defendant also contends that the officers were not justified in removing the money from his pocket or in unfolding the dollar bills. Defendant argues that even if the officers were entitled to conduct a frisk for weapons, the seizure of the evidence exceeded the scope of a protective search. This argument has merit.
Evidence discovered during a lawful investigatory frisk may be seized under the "plain feel" exception to the warrant requirement, as explained in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); State v. Willis, supra. However, just as the "plain view" doctrine requires that an object's incriminating character be immediately obvious when seen, the "plain feel" doctrine requires the tactile discovery of an object whose contour or mass makes its identity immediately apparent. State v. Denis, 96-0956 (La.App. 4th Cir.3/19/97), 691 So.2d 1295, writ denied, 97-1006 (La.6/20/97), 695 So.2d 1352.
Thus, the seizure of a matchbox, which contained cocaine, detected during a patdown search was found not to fall within the "plain feel" exception because there was no evidence that a matchbox's shape was identifiable as contraband. See State v. Parker, 622 So.2d 791 (La.App. 4th Cir.), writ denied, 627 So.2d 660 (La.1993). However, in State v. Willis, supra, this court concluded that officer testimony established that two objects detected during a pat-down search were immediately identifiable as "crack pipes," so that seizure of the drug paraphernalia was authorized under the "plain feel" doctrine.
Here, during the hearing on the motion to suppress, Officer Bates stated that he thought the defendant could have a weapon when he moved during the frisk. However, Officer Bates testified that after defendant had been restrained, "I patted him down and I felt something but I couldn't determine what it was." Although Bates asserted that the object "could have been" a weapon, he failed to articulate any physical properties of the item that would serve as a basis for such speculation.
Nor does the record contain any evidence that the shape of the folded money was identifiable as contraband when Officer Bates felt the object during the frisk of defendant's pocket. Unlike the officer who testified in the Willis case, Officer Bates acknowledged that he was unable to identify the object contained in defendant's pocket until after it had been removed. Because the item was not immediately identifiable as either a weapon or contraband during the frisk, the seizure cannot be upheld under the "plain feel" exception.
Consequently, absent a showing of probable cause to arrest, which has not been established in this record,[1] the seizure of the evidence exceeded the scope of a valid pat-down search and was unlawful. Therefore, we must conclude the trial *36 court erred in denying the defendant's motion to suppress. In reaching this conclusion, we pretermit a discussion of defendant's other assignments of error.

CONCLUSION
For the foregoing reasons, the district court's denial of defendant's motion to suppress evidence seized from his person is reversed and the motion is hereby granted. Accordingly, the defendant's conviction for possession of cocaine and his subsequent adjudication as a fourth felony offender are set aside, and the sentence is vacated. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED, CONVICTION AND ADJUDICATION SET ASIDE, SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] After reviewing the record, we do not find evidence that defendant's conduct during the frisk was sufficient to constitute the offense of resisting an officer pursuant to LSA-R.S. 14:108, and the state has not made this argument. Thus, the factual situation in the present case differs from that of State v. Daniels, 25,833 (La.App.2d Cir.3/30/94), 634 So.2d 962.