I,STEWART, J.
The defendant, Willie Lee Jenkins, pled guilty to a charge of possession of cocaine, a violation of La. R.S. 40:967(C), with an agreed sentence of four years at hard labor plus costs. In conjunction with the plea, the defendant preserved his right to appeal the denial of his pre-trial motion to suppress. Jenkins contends that the seizure of the cocaine was unconstitutional because the initial stop was made without lawful cause. We find no error in the trial court’s denial of the motion to suppress and affirm the defendant’s conviction and sentence.
FACTS
On June 23, 2000, Officers Raymond and Rosado of the Shreveport Police Department observed the defendant and another man, Melvin Simms, standing at the intersection of Henderson Street and East 74th Street in the Cedar Grove neighborhood of Shreveport. Simms had an open container of beer in a paper bag between his feet. The men were talking and appeared to be conducting some type of exchange. Both officers exited their vehicle and approached the two men. Officer Rosado proceeded to investigate the apparent open container violation by Simms. Officer Raymond initiated a verbal encounter with the defendant.
The defendant began walking away and reached under his shirt into the waistline of his pants as the officers approached. Officer Raymond asked the defendant to remove his hand from under his shirt. The defendant did not comply. Fearing for his safety, Officer Raymond grabbed for the defendant’s wrist and rushed at him. The defendant then pulled a brown bag out of his waistband and tossed it away from his person. The discarded labag was retrieved by the officers and found to contain fifteen individually wrapped bags of cocaine.
Thereafter, the defendant was arrested and charged with one count of possession with intent to distribute a Schedule II controlled dangerous substance in violation of La. R.S. 40:967(A)(1). The defendant filed a motion to suppress the evidence seized. He asserted that the officers had neither probable cause nor reasonable suspicion to believe that he had committed or was about to commit a crime when he was detained by them. Both officers testified at the hearing and related the facts of their encounter with the defendant as set forth above. Officer Raymond testified that he asked the defendant to speak with him, at which point the defendant began reaching into his waistband. This action made Officer Raymond fear for his safety and uncomfortable with the situation. Officer Rosado, the senior officer, testified that he asked Officer Raymond to keep an eye on the defendant while he investigated the open container violation. Officer Ro-sado described Cedar Grove as a “pretty dangerous area” and explained the need to *1246 keep a watch on individuals during engagements. After considering the officers’ testimony, the trial court denied the motion to suppress.
The defendant then entered a guilty plea to the reduced charge of possession of cocaine, while preserving his right to appeal the denial of the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court imposed the agreed upon sentence of four years at hard labor with credit for time served and payment of court costs. This appeal followed.
DISCUSSION
At issue is whether the cocaine seized from the defendant should be suppressed because the initial stop of the defendant by the officers was without lawful cause. The defendant argues that the officers had no reason to believe that he had committed, was committing, or was about to commit a crime simply because he was in close proximity to an individual who appeared to be in violation of an open container ordinance. The state argues that the totality of the circumstances, including that the defendant appeared to be engaged in some type of exchange with Simms, who had an open container of beer at his feet, and that the two men were standing in the middle of the street in an area considered to be “pretty dangerous,” warranted the initial stop and investigation by the officers. Also, the fact that the defendant began to walk away while reaching under his waistline as soon as the officers began to approach him and Simms raised concerns for the officers’ safety, thus warranting the detention of the defendant and the confiscation of the bag of cocaine.
A trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Normandin, 32,927 (La. App. 2d Cir.12/22/99), 750 So.2d 321, unit denied, 2000-0202 (La.9/29/00), 769 So.2d 550; State v. Williams, 98-1006 (La.App. 5th Cir.3/30/99), 735 So.2d 62, unit denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
|4It is well established that law enforcement officers may temporarily detain and interrogate individuals reasonably suspected of criminal activity. See La.C.Cr.P. art. 215.1(A); Terry v.Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Fauria, 393 So.2d 688 (La.1981); State v. Taylor, 363 So.2d 699 (La.1978). A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense. La.C.Cr.P. art. 215.1(A).
The reasonable cause required for an investigatory stop is something less than probable cause, but the officer must have “articulable knowledge” of particular facts which, in conjunction with reasonable inferences drawn therefrom, provide reasonable grounds to suspect the detainee of criminal activity. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Rodriguez, 396 So.2d 1312 (La.1981); State v. Washington, 621 So.2d 114 (La.App. 2d Cir.1993). Whether an officer had reasonable suspicion or cause to make an investigatory stop must be decided on the “totality of the circumstances” in light of the officer’s experience, training, and common sense. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); State v. Leary, 627 So.2d 777 (La.App.2d Cir.1993), writ denied, 93-3187 (La.3/25/94), 635 So.2d 237; State v. Fikes, 616 So.2d 789 (La.App. 2d Cir.1993). The reputation of an area, as well as factors such as flight, nervousness, or a startled look by the detainee, may lead to a finding of reasonable cause justifying an investiga *1247 tory stop under La.C.Cr.P. art. 215.1. State v. Furlow, 34,339 (La.App. 2d Cir.2/28/01), 780 So.2d 602; State v. Willis, 31,561 (La.App. 2d Cir.1/20/99), 728 So.2d 493.
Applying these standards, we now examine the totality of the circumstances in the case sub judice to determine the legitimacy of the police action taken against the defendant. The evidence adduced at the hearing on the motion to suppress shows that this incident occurred in an area known to be dangerous. The officers believed the defendant was engaged in a transaction in the middle of the street with Simms. They noticed an apparent open container violation due to the can of beer in a paper bag at Simms’ feet. As the officers approached the defendant and Simms, the defendant began reaching under his clothing at the waistline while walking away. This action by the defendant raised the officers’ suspicion and caused them concern for their safety. When asked to remove his hand from under his shirt, the defendant did not comply. Aware that it is common for weapons to be hidden at the waistline and not knowing what the defendant was reaching for, Officer Raymond grabbed at the defendant’s wrist and rushed at him. During the scuffle, the defendant removed the bag containing the cocaine and tossed it away.
Based on the totality of the circumstances, we conclude that the officers had reasonable cause to make the investigatory stop. See State v. Leary, supra, and State v. Sellers, 34,968 (La.App. 2d Cir.9/26/01), 796 So.2d 158, wherein an apparent open container violation was a factor justifying an investigatory stop, and see State v. Briley, 01-0143 (LaApp. 4th Cir.10/3/01), 798 So.2d 1191, wherein flight from approaching officers | fiwas found to be a factor leading to reasonable suspicion for an investigatory stop. The threatening and suspicious actions taken by the defendant in reaching under his clothing for an unknown object while trying to evade the officers further justified the actions of Officer Raymond in initiating a stop and attempting to frisk the defendant to ensure officer safety. It was reasonable for Officer Raymond to anticipate and fear that a weapon might have been hidden under the defendant’s clothing. We find that the stop and frisk was valid and not a violation of the defendant’s right against an unreasonable search and seizure.
The trial court did not err in denying the motion to suppress. Accordingly, the cocaine seized after the defendant tossed it away was properly admissible into evidence against him. The defendant’s assignment of error lacks merit.
CONCLUSION
Finding no error in the trial court’s denial of the motion to suppress, we affirm the defendant’s conviction and sentence.
AFFIRMED.